IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | |
|---|---|
| BRIAN BOOTH ) <br> 2529 W. Paseo Boulevard ) <br> Kansas City, Missouri 64108, ) <br> ) <br> Plaintiff, ) <br> ) Demand for Jury Trial <br> v. ) <br> ) Case No.: <br> JOHN DOE ) <br> 4111 NW 16TH Street ) Division: <br> Topeka, KS 66618 ) <br> ) <br> And ) <br> ) <br> SAFETY CONSULTING and ) <br> TRAINING SERVICES, INC. ) <br> 4111 NW 16th Street ) <br> Topeka, KS 66618 ) <br> ) <br> ) <br> Defendants. ) | |

PETITION FOR DAMAGES

COMES NOW Plaintiff, by and through undersigned counsel, and for his Petition for Damages against Defendants John Doe and Safety Consulting and Training Services, Inc. states as follows:

1. Plaintiff Brian Booth is and was at all times material hereto an individual residing at 2529 W. Paseo Boulevard, Kansas City, Missouri 64108.

PARTIES

2. Defendant Safety Consulting and Training Services, Inc. is a Kansas corporation with business offices at 4111 NW 16th Street, Topeka, Kansas 66618. Defendant Safety Consulting and Training Services, Inc. ("Safety Consulting") may be

served through its registered agent Robert Kellogg, 1411 E. Sheridan Street, Olathe, Kansas 66062.

3. Defendant John Doe is and was at all times mentioned herein an individual employed by and/or contracted with Defendant.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over the defendants and venue is proper as the defendants committed tortious activities within the State of Missouri and in this judicial circuit and the injury occurred in this judicial circuit.

## GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

5. On or about May 26, 2017, the Kansas City Power & Light Company (now known as Evergy Metro, Inc.) Hawthorn Generating Station, 8700 Hawthorn Road Kansas City, MO 64120, was located in Jackson County, Missouri.

6. On or about May 26, 2017, Brian Booth was employed by Kansas City Power and Light Company at the Kansas City Power & Light Company (now known as Evergy Metro, Inc.) Hawthorn Generating Station.

7. Prior to May 26, 2017, Defendant Safety Consulting contracted with Kansas City Power & Light Company to perform safety training for employees of Kansas City Power & Light Company at the Hawthorn Generating Station.

8. On or about May 26, 2017, Defendant John Doe, a trainer employed and/or contracted with Defendant Safety Consulting pursuant to contract with Kansas City Power & Light Company (now known as Evergy Metro, Inc.), conducted a safety training for the employees of Kansas City Power and Light, at the Kansas City Power & Light Company (now known as Evergy Metro, Inc.) Hawthorne Generating Station.

9. On or about May 26, 2017, Defendant John Doe incorrectly fitted a full body harness to Plaintiff Brian Booth and lowered him into an enclosed space as part of a training John Doe was conducting.

10. At all relevant times herein, Defendant John Doe was an agent, servant and/or employee of Defendant Safety Consulting.

11. At all relevant times herein, Defendant John Doe was acting in the scope and course of his agency, servitude and/or employment relationship with Defendant Safety Consulting.

12. Defendant Safety Consulting is jointly, severally and vicariously liable for the careless and negligent acts and omissions of Defendant John Doe in causing the injury to the Plaintiff.

## COUNT I

### NEGLIGENCE AGAINST JOHN DOE/SAFETY CONSULTING
### VICARIOUS LIABILITY AGAINST SAFETY CONSULTING

13. Plaintiff incorporates by reference herein each and every prior paragraph of Plaintiff's Petition for Damages as though fully set forth.

14. Prior to May 26, 2017, Defendant Safety Consulting contracted with Kansas City Power & Light Company to perform safety training for employees of Kansas City Power & Light Company at the Hawthorn Generating Station.

15. In contracting with Kansas City Power & Light Company to perform safety training for employees of Kansas City Power & Light Company at the Hawthorn Generating Station, Defendant Safety Consulting assumed the obligation and duty to perform safety training in a non-negligent fashion and to ensure its employees/agents also did so in a non-negligent fashion.

16. On or about May 26, 2017, Defendant John Doe did so carelessly and negligently demonstrate on Plaintiff Brian Booth a safety harness so as to cause it to twist, crush and injure the right testicle of Plaintiff Brian Booth.

17. Defendant John Doe, a trainer employed and/or contracted with Defendant Safety Consulting and Training Services, Inc. owed a duty to exercise the highest degree of care with regard to all trainees.

18. Defendant John Doe, a trainer employed and/or contracted with Defendant Safety Consulting and Training Services, Inc. breached the duty of care owed to Plaintiff to conduct safety training in a safe and reasonable fashion.

19. Defendant John Doe, a trainer employed and/or contracted with Defendant Safety Consulting and Training Services, Inc. breached the duty of care owed and was negligent and careless in one or more of the following respects:

   a. Failing his duty of care to property fit the full body harness to the body of the Plaintiff in such a way that injury would not occur;

   b. Failing his duty of care to lower Plaintiff into the enclosed space in the full body harness in such a way that injury to Plaintiff would not occur;

   c. Failing his duty of care to take proper precautions and measures to protect against the possibility of injury to Plaintiff;

   d. In failing to remedy the improper fitting of the harness, once he knew, or by using a high degree of care, should have known that there was reasonable likelihood of injury to Plaintiff;

   e. In conducting the training carelessly under the circumstances then and there existing;

   f. In failing to keep the training equipment under proper control; and

    g.    In failing to check with Plaintiff prior to elevating him off the floor.

20. Defendant Safety Consulting owed a duty to exercise ordinary care to perform the safety training in a reasonable and non-negligent fashion.

21. Defendant Safety Consulting breached its duty of care in one or more of the following ways:

    a. Failure to conduct adequate background checks of its agents/employees;

    b. Failure to administer adequate and/or require tests of its agents/employees;

    c. Failure to verify the credentials of its agents/employees;

    d. Failure to adequately train its agents/employees;

    e. Failure to ensure that its agents/employees were adequately trained before they were permitted to conduct training;

    f. Failure to promptly fire, dismiss, or otherwise terminate the employment of agency relationship with agents/employees that they knew or should have known were not fit or capable of conducting training in a safe and careful manner;

    g. Failure to implement and/or utilize or follow policies and procedures to ensure that its agent/employees were at all times fit and capable of conducting training in a safe and careful manner;

    h. Failure to follow and abide by all applicable city, state and/or Federal statutes, ordinances or regulations with regard to conducting training;

i. Aiding and abetting its agents/employees in violating applicable city, state and/or Federal statutes, ordinances or regulations with regard to conducting training;

   j. In various other particulars of negligence presently unknown to the Plaintiff, but which verily believed will be disclosed upon the undertaking of further investigation and/or discovery.

22. As a direct and proximate result of the aforementioned careless and negligent acts and omissions on the part of Defendants John Doe and Safety Consulting, on or about May 26, 2017, Plaintiff Brian Booth was caused serious, permanent and progressive injuries to his person, including:

   a. His scrotum;

   b. His testicle;

   c. His ability to procreate.

23. As a direct and proximate result of the aforementioned careless and negligent of Defendant Safety Consulting and Defendant John Doe, Brian Booth experienced a diminished enjoyment of life, pain and suffering, and will incur future diminished enjoyment of life, pain and suffering, all of which Brian Booth would not have otherwise incurred, lost or experienced but for the injuries he suffered as a result of Defendants Safety Consulting and John Doe's negligence.

24. Defendant John Doe and Defendant Safety Consulting's conduct showed complete indifference to and a conscious disregard for the safety of others in that Defendant knew that their respective actions described in paragraphs 19

and 23 significantly increased the risk of death or seriously injure others, including Plaintiff.

25. Despite knowing of the risks posed by their conduct as described in paragraphs 19 and 23, Defendants intentionally chose to undertake such conduct and intentionally and with conscious disregard for the for the safety of Plaintiff, chose to increase the risk of injury to Plaintiff.

26. Plaintiff further claims punitive and exemplary damages as a result of the aggravating circumstances surrounding the collision including, but are not limited to, the wanton, willful, callous, reckless, and depraved conduct of Defendants which entitle Plaintiffs to punitive damages to punish the defendant and to deter future wrongdoing in that the acts and omissions of Defendant have manifested such reckless and complete indifference to and conscious disregard for the safety of the public.

WHEREFORE, Plaintiff Brian Booth prays for judgment against the Defendants and each of them, jointly and severally, to compensate Plaintiff for the damages sustained, an amount of punitive damages in such fair and reasonable sum as to deter Defendants and others from similar conduct for his costs incurred herein, and for any other relief the Court deems just, proper and equitable in the premises.

## COUNT II
## RESPONDEAT SUPERIOR AGAINST DEFENDANT SAFETY CONSULTING

27. Plaintiff incorporates by reference paragraphs 1-26 of this Petition as more fully set forth herein.

28. At all times mentioned herein, Defendant John Doe was an agent and/or employee of Defendant Safety Consulting.

29. At all times mentioned herein, Defendant John Doe was acting in the course and scope of his employment with Defendant Safety Consulting.

30. For the reasons set forth above, Defendant John Doe was negligent in performing the safety training on May 26, 2017.

31. As a direct and proximate result of the negligence of Defendant John Doe, Plaintiff sustained the injuries complained of above.

32. Defendant Safety Consulting is liable to Plaintiff for the negligent acts and omissions of its agent/employee Defendant John Doe described above.

WHEREFORE, Plaintiff prays for judgment against Defendant Safety Consulting in an amount which is fair and reasonable, in excess of Twenty Five Thousand Dollars ($25,000.00), together with costs herein incurred and expended and for such other and further relief as the Court deems just and proper.

## COUNT III

### NEGLIGENCE/NEGLIGENT HIRING/RETENTION/TRAINING AGAINST SAFETY CONSULTING AND TRAINING INC.

COMES NOW Plaintiff Brian Booth and for Count III alleges and states:

33. Plaintiff incorporates by reference herein each and every prior paragraph of Plaintiff's Petition for Damages as though fully set forth herein.

34. At all times relevant herein, Defendant John Doe was the agent, servant and/or employee of Defendant Safety Consulting and Training, Inc.

35. Defendant Safety Consulting owed a duty to exercise reasonable care to the Plaintiff to ensure that each employee that it hired, that it knew or should have known would be conducting training, including but not limited to Defendant John Doe, was fit and capable to conduct training in a safe and careful manner;

36. Defendant Safety Consulting knew or should have known that Defendant John Doe was unfit and incapable to conduct training in a safe and careful manner due to past proclivities to perform reckless and unsafe training.

37. Defendant John Doe's negligence and misconduct in conducting the May 26, 2017 training was consistent with Defendant John Doe's previous proclivity to perform reckless and unsafe training.

38. Defendant Safety Consulting owed a duty to exercise reasonable care to the Plaintiff to train its employees, including but not limited to Defendant John Doe, to ensure that they were fit and capable of conducting training in a safe and careful manner.

39. Defendant Safety Consulting owed a duty to exercise reasonable care to the Plaintiff to dismiss, fire or otherwise terminate its employment relationship with any agent or employee, including but not limited to Defendant John Doe, whom Defendant Safety Consulting knew or should have known was not fit or capable of conducting training in a safe and careful manner.

40. Defendant Safety Consulting breached its duty of care owed to the Plaintiff in one or more of the following particulars:

    a. Failure to conduct adequate background checks of its agents/employees;

    b. Failure to administer adequate and/or require tests of its agents/employees;

    c. Failure to verify the credentials of its agents/employees;

    d. Failure to adequately train its agents/employees;

Electronically Filed - Jackson - Kansas City - October 02, 2020 - 09:10 AM

e. Failure to ensure that its agents/employees were adequately trained before they were permitted to conduct training;

f. Failure to promptly fire, dismiss, or otherwise terminate the employment of agency relationship with agents/employees that they knew or should have known were not fit or capable of conducting training in a safe and careful manner;

g. Failure to implement and/or utilize or follow policies and procedures to ensure that its agent/employees were at all times fit and capable of conducting training in a safe and careful manner;

h. Failure to follow and abide by all applicable city, state and/or Federal statutes, ordinances or regulations with regard to conducting training;

i. Aiding and abetting its agents/employees in violating applicable city, state and/or Federal statutes, ordinances or regulations with regard to conducting training;

j. In various other particulars of negligence presently unknown to the Plaintiff, but which verily believed will be disclosed upon the undertaking of further investigation and/or discovery.

41. As a direct and proximate result of the Defendant Safety Consulting's breach of its duty of care owed to the Plaintiff, Plaintiff sustained injures and damages as described above in Paragraphs 24 and 25.

42. The above-described actions/inactions of Defendant Safety Consulting were willful, wanton, outrageous and demonstrated a conscious and reckless disregard

Case 4:20-cv-00851-GAF   Document 1-1   Filed 10/22/20   Page 10 of 16

for the safety of Plaintiff and the other trainees, thereby permitting the recovery of punitive damages.

WHEREFORE, Plaintiff Brian Booth prays for judgment against the Defendants, jointly and severally, and each of them, to compensate Plaintiff for the damage sustained, for his costs incurred herein, and for any other relief the Court deems just, proper and equitable in the premises.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all counts and claims in this action.

Respectfully Submitted,

**THE BACKER LAW FIRM, LLC**

/s/ Joseph M. Backer
JOSEPH M. BACKER      MO 37550
14801 E 42nd Street South, Suite 100
Independence, Missouri 64055
(816) 283-8500
FAX (816) 283-8501
E-MAIL: jbacker@backlaw.net

**PRESLEY & PRESLEY, LLC**

/s/ Kirk R. Presley
Kirk R. Presley      MO #31185
Matthew A. McCoy   MO #68240
4801 Main Street, Suite 375
Kansas City, MO 64112
Phone:       (816) 931-4611
Fax:    (816) 931-4646
Email:kirk@presleyandpresley.com
          matthew@presleyandpresley.com
**ATTORNEY FOR PLAINTIFF**

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

**BRIAN BOOTH**

                **PLAINTIFF(S),**        **CASE NO. 2016-CV20517**

**VS.**                                                     **DIVISION 7**

**JOHN DOE ET AL**

                **DEFENDANT(S),**

**NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
AND ORDER FOR MEDIATION**
_____

      NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **S MARGENE BURNETT** on **26-JAN-2021** in **DIVISION 7** at **09:00 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

      A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

      At the Case Management Conference, counsel should be prepared to address at least the following:

      a.     A trial setting;

      b.     Expert Witness Disclosure Cutoff Date;

      c.     A schedule for the orderly preparation of the case for trial;

      d.     Any issues which require input or action by the Court;

      e.     The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ **S MARGENE BURNETT**
S MARGENE BURNETT, **Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
KIRK ROWAN PRESLEY, PRESLEY & PRESLEY LLC, 4801 MAIN STREET SUITE 375, KANSAS CITY, MO 64112

Defendant(s):
JOHN DOE
SAFETY CONSULTING AND TRAINING SERVICES, INC

Dated: 08-OCT-2020　　　　　　　　　　　　　　　　　MARY A. MARQUEZ
　　　　　　　　　　　　　　　　　　　　　　　　　　　Court Administrator



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>S MARGENE BURNETT | Case Number: 2016-CV20517 |
|---|---|
| Plaintiff/Petitioner:<br>BRIAN BOOTH<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>KIRK ROWAN PRESLEY<br>PRESLEY & PRESLEY LLC<br>4801 MAIN STREET SUITE 375<br>KANSAS CITY, MO  64112 |
| Defendant/Respondent:<br>JOHN DOE | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Pers Injury-Other | |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

**The State of Missouri to:** SAFETY CONSULTING AND TRAINING SERVICES, INC
**Alias:**
4111 NW 16TH STREET
TOPEKA, KS  66618

*COURT SEAL OF*

   You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

08-OCT-2020 _____
Date                                                Clerk

*JACKSON COUNTY*    Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____           _____
Printed Name of Sheriff or Server    Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

**Service Fees, if applicable**
Summons     $ _____
Non Est     $ _____
Mileage     $ _____ ( _____ miles @ $ _____ per mile)
**Total**      $ _____

See the following page for directions to clerk and to officer making return on service of summons.

OSCA (8/2018) SM60 (JAKSMOS) *For Court Use Only:* Document ID# 20-SMOS-822   1 of 2    (2016-CV20517)    Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 4:20-cv-00851-GAF   Document 1-1   Filed 10/22/20   Page 14 of 16

**Directions to Officer Making Return on Service of Summons**

  A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

  Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

  Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

  Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

  The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

  Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

OSCA (8/2018) SM60 (JAKSMOS) *For Court Use Only: Document ID# 20-SMOS-822* 2 of 2 **(2016-CV30517)** Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 4:20-cv-00851-GAF   Document 1-1   Filed 10/22/20   Page 15 of 16

# SUMMONS/GARNISHMENT SERVICE PACKETS
# ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.

Circuit Court of Jackson County

6/2020